IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erick Elton Hewins, #297728, ) | C/A No. 6:15-4320-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | *for dismissal of* |
| Derick Loftis, ) | *two defendants* |
| Joyce Montz, ) | |
| Ofc. Charles Cothran, ) | |
| Greenville City Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Erick Elton Hewins ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the McCormick Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Defendants Joyce Montz and Greenville City Police Department should be summarily dismissed.

## **BACKGROUND**

Plaintiff alleges the following facts.[1] On September 5, 2009, Officer Charles Cothran and Officer Loftis illegally and unreasonably performed a search of Plaintiff's vehicle using a drug dog. [Doc. 1.] Drugs were found in his vehicle. [*Id.*] He spent time in jail serving a sentence for a state conviction of a drug charge that was reversed on July 16, 2014, by the South Carolina Supreme Court on the ground that the drug evidence should have been suppressed because of an illegal seizure and search. [Doc. 11; Doc. 1-1.]

---

[1]The alleged factual details related to Cothran and Loftis's actions are not set forth because they are not necessary for this Report and Recommendation, and service of process is authorized for both of them.

Plaintiff sues Joyce Montz because she was the solicitor who handled prosecuting the case against him. [Doc. 1] He alleges prosecutorial misconduct against her. [*Id*.] He alleges during the motion to suppress she took the position that Plaintiff was collaterally estopped from challenging the propriety of the search of his vehicle because he had already pled guilty in municipal court to an open container violation.[2]

For his relief, Plaintiff seeks damages. [Doc. 1.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[2]The same search revealed drugs and an opened mini-bottle of vodka. [Doc. 1-1.]

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the Greenville City Police Department, it should be dismissed because it is not a person subject to suit pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The City of Greenville Police Department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, Plaintiff fails to state a claim on which relief may be granted against the Greenville City Police Department.

If Plaintiff is intending to sue the City of Greenville pursuant to § 1983, the city is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept.*

*of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy or custom caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.*

Here, Plaintiff alleges no misconduct against the police department or the city or anything related to a policy or custom. *See McClam v. Boone*, C/A No. 4:11-1174-TLW-JRM, 2011 WL 4943681, at *2 (D.S.C. Aug. 22, 2011) (Plaintiff must show that the defendant personally caused, or played a role in causing, the deprivation of a federal right; specific information about what each separate defendant did is necessary), *adopted by*, 2011 WL 4943933 (D.S.C. Oct. 17, 2011). Because Plaintiff fails to allege a policy or custom that caused his injuries, he fails to state a claim on which relief may be granted against the city.

Additionally, Joyce Montz should be dismissed because she has prosecutorial immunity from this suit. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors, including Montz, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court

to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Montz's alleged wrongful conduct relates to her arguments during a motion to suppress. This alleged conduct was intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, Montz has absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

## RECOMMENDATION

It is recommended that Defendants Joyce Montz and Greenville City Police Department be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The lawsuit remains pending against the other Defendants at this time. **Plaintiff's attention is directed to the important notice on the next page.**

*[signature]*

Jacquelyn D. Austin
United States Magistrate Judge

December 17, 2015
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).