

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ERICK ELTON HEWINS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:15-04320-MGL |
| § | |
| DERICK LOFTIS and OFC. CHARLES § | |
| COTHRAN, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANTS' MOTION TO AMEND THEIR ANSWER
TO ASSERT THE STATUTE OF LIMITATIONS AS AN AFFIRMATIVE DEFENSE,
AND DISMISSING WITHOUT PREJUDICE WITH LEAVE TO REFILE DEFENDANTS'
MOTION TO AMEND TO ASSERT THE STATUTORY CAP ON ATTORNEY'S FEES**

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment and Defendants' motion for summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 19, 2016, and the Clerk of Court entered Plaintiff's objections on June 8, 2016, ECF No. 63, at which time Plaintiff was proceeding pro se. On June 9, 2016, the Court granted Plaintiff's motion to appoint counsel, appointing Mr. T. Chase Samples from the Greenville, South Carolina, office of Jackson Lewis P.C. as Plaintiff's counsel in this matter. ECF No. 64. Defendants filed their objections to the Report, reply to Plaintiff's objections, and motion to amend on June 20, 2016. ECF Nos. 67, 68, 69, 70. Plaintiff filed a reply to Defendants' objections and a response in opposition to Defendants' motion to amend their answer on July 8, 2016. ECF Nos. 72, 73. Defendants then filed replies to both of Plaintiff's filings on July 14, 2016. ECF Nos. 75, 76. The Court has reviewed the parties' objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Turning first to Plaintiff's objections to the Report, Plaintiff initially objects to the Report because "it fails to fully address his motion for summary judgment." ECF No. 63 at 1. Plaintiff asserts that the Magistrate Judge neglected to consider the affidavit he attached to his motion for summary judgment. But this is simply not so. The Magistrate Judge refers to Plaintiff's affidavit throughout the Report, in fact using Plaintiff's affidavit to identify several of Plaintiff's constitutional claims against Defendants. Further, the Magistrate Judge's interpretation of Plaintiff's affidavit ultimately saves this case from being dismissed via Defendants' motion for summary judgment. *See, e.g.*, ECF No. 53 at 9. Therefore, for these reasons, the Court will overrule Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's recommendation that his motion for summary judgment be denied because, as the Report notes, Defendants' failed to respond to Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims. ECF No. 63 at 1-2. In Plaintiff's view, Defendants' failure to respond to these constitutional claims should be grounds for granting summary judgment in his favor. *Id.* "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (internal quotation marks omitted). As the Magistrate Judge found and as this Court holds, genuine issues of material fact remain as to Plaintiff's claims, and he is thus unentitled to summary judgment at this juncture. *See* ECF No. 53 at 16 n.4. Accordingly, the Court will also overrule this objection.

Third, Plaintiff objects to the Report "because it fails to show that the defendants have to establish why they believed Plaintiff was in possession of drugs to justify the extended detention beyond the scope of the traffic stop, for the purpose of searching for drugs." ECF No. 63 at 2-4. Although it is unclear how this contention advances Plaintiff's motion for summary judgment, as already observed, there remain genuine issues of material fact on Plaintiff's constitutional claims. When a motion to suppress is allowed, the criminal defendant cannot obtain an estoppel effect in a later civil case because estoppel cannot be applied against a party who had no ability to participate in the first litigation. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980) (noting that "collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case" (internal quotation marks omitted)). The Court will thus overrule this objection as well.

3

Plaintiff's fourth and final objection states that the Report neglects to consider the fact that Defendants "completely failed to address the alleged drugs that never made it to Court for trial purposes." *Id.* at 4.  However, contrary to Plaintiff's assertion, the Magistrate Judge notes that Defendants' motion for summary judgment fails to address the merits of Plaintiff's constitutional claims and thus recommends denial of Defendants' motion for summary judgment as to Plaintiff's constitutional claims.  ECF No. 53 at 11; *see Custer*, 12 F.3d at 416 (holding that the moving party must still show his entitlement to judgment as a matter of law where the nonmoving party fails to respond to a motion for summary judgment).  Again, as noted above, because there remain genuine issues of material fact on Plaintiff's claims, the Court will overrule Plaintiff's fourth objection.  Consequently, Plaintiff's motion for summary judgment will be denied.

The Court will now turn to Defendants' objections to the Report.  First, Defendants insist that the Magistrate Judge erred in finding that Plaintiff asserted constitutional claims against Defendants in his Complaint and Amended Complaint.  ECF No. 69 at 4-5.  Rather, Defendants argue that the Magistrate Judge drew Plaintiff's constitutional claims from the affidavit Plaintiff filed in support of his motion for summary judgment.  *Id.*

Defendants' contention is entirely meritless, as both Plaintiff's Complaint and his Amended Complaint assert constitutional claims.  It is uncontroverted that pleadings of a pro se party are to be liberally construed by the Court.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Even ignoring this less stringent standard, however, Plaintiff unquestionably raises constitutional violations against Defendants Cothran and Loftis in his Complaint, his Motion to Amend the Complaint, and his Amended Complaint, which the Magistrate Judge ordered to be consolidated and served on Defendants as one pleading.  ECF No. 40.  Specifically, Plaintiff's Amended Complaint alleges

violations of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment against Defendants Cothran and Loftis. ECF No. 1-7 at 1. Consequently, the Magistrate Judge properly recommended denial of Defendants' motion for summary judgment as to these claims, and the Court will thus overrule Defendants' first objection.

Second, Defendants object to the Report because they purportedly "are entitled to summary judgment pursuant to qualified immunity and there is no evidence that any constitutional right which Plaintiff claims was violated had been clearly established so as to defeat Defendants' qualified immunity." ECF No. 69 at 5 (emphasis omitted). Defendants aver that the state of the law regarding the circumstances under which traffic stops could be extended was unclear at the time of Plaintiff's stop on September 15, 2009. *Id.* at 7. Defendants notably focus on the length of Plaintiff's traffic stop—25 to 35 minutes—in relation to cases holding that similar lengths of traffic stops did not measurably extend those stops to a level sufficient to implicate the Constitution. *Id.* at 9-11.

However, Defendants' second objection is likewise without merit. The Court is not faced with the issue whether the length of the traffic stop resulted in an unconstitutional extension of the stop; rather, the issue is whether Defendants unconstitutionally extended the stop based on a lack of reasonable suspicion. Contrary to Defendants' position, the law regarding the circumstances under which traffic stops could constitutionally be extended was clearly established as of Plaintiff's stop in 2009. For example, the United States Supreme Court stated over four years earlier that "[a] seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Even more on point, the Court of Appeals for the Fourth Circuit later held that "the appropriate constitutional inquiry is whether the detention lasted longer

5

than was necessary, given its purpose." *United States v. Branch*, 537 F.3d 328, 336 (4th Cir. 2008). "Thus, once the driver has demonstrated that he is entitled to operate his vehicle, and the police officer has issued the requisite warning or ticket, the driver 'must be allowed to proceed on his way.'" *Id.* (quoting *United States v. Rusher*, 966 F.2d 868, 876 (4th Cir. 1992)). Importantly, "a prolonged automobile stop requires either the driver's consent or a reasonable suspicion that illegal activity is afoot." *Id.* (internal quotation marks omitted).

Here, Defendant Cothran initially pulled Plaintiff over for making an improper turn. *State v. Hewins*, 760 S.E.2d 814, 817 (S.C. 2014). As Defendant Cothran was writing a warning citation, Defendant Loftis, a K-9 Officer, arrived. *Id.* After preparing the warning citation, Defendant Cothran returned to Plaintiff's car to give Plaintiff the warning, at which point the purpose of the traffic stop was fulfilled. *Id.* at 825. However, Defendant Cothran extended the stop based on Plaintiff's extreme nervousness, directed Defendant Loftis to walk his drug-detection dog around Plaintiff's vehicle, and then proceeded to search the vehicle after the dog alerted to it. *Id.* The South Carolina Supreme Court ruled that Defendant Cothran lacked reasonable suspicion to extend the traffic stop and reversed Plaintiff's conviction for possession of crack cocaine. *Id.* at 825-26. Therefore, this Court is of the firm opinion that the law in this area was clearly established at the time of Plaintiff's traffic stop, and the Magistrate Judge correctly recommended denying Defendants' summary judgment in regards to Defendants' claim of qualified immunity. The Court will thus overrule this objection as well.

Third, Defendants asseverate that "there are no facts in this record sufficient to hold [Defendant] Loftis as a party defendant." ECF No. 69 at 11. However, because Plaintiff asserts constitutional and state law claims against Defendant Loftis in his Amended Complaint based on

Defendant Loftis's role in the traffic stop, ECF No. 1-7, and there are genuine issues of material fact as to whether Defendant Loftis violated Plaintiff's constitutional rights and state law, the Court will also overrule this objection.

Fourth, Defendants urge that Plaintiff's cause of action for malicious prosecution fails because that cause of action appears to be directed only against Defendant Joyce Montz, who was dismissed from this action on January 15, 2016. ECF No. 69 at 11-13; *see* ECF No. 24. Defendants argue incorrectly, for, as Plaintiff's Amended Complaint makes clear, Plaintiff asserts claims only against Defendants Cothran and Loftis, and his Amended Complaint contains a prayer for relief for the malicious prosecution claim. ECF No. 1-7 at 1. As there remain genuine issues of material fact on the merits of this claim, the Court will likewise overrule this objection.

Fifth, Defendants insist that the Magistrate Judge erred in relying on *Horton v. City of Columbia*, No. 2014-UP-491, 2014 WL 10009645, at *3 (S.C. Ct. App. Feb. 26, 2014), to support her recommendation that Defendants' motion for summary judgment as to Plaintiff's assault and battery claims be denied. ECF No. 69 at 13-15. The Magistrate Judge cited *Horton* for the proposition that an unlawful arrest in South Carolina, even in the absence of excessive force, can support a claim for assault and battery. ECF No. 53 at 15. Defendants propound that the South Carolina Supreme Court's subsequent order directing the Court of Appeals to depublish its opinion "is tantamount to a reversal," and, thus, the Magistrate Judge's reliance on *Horton* is misplaced. ECF No. 69 at 14-15. However, other South Carolina cases also state that an unlawful arrest can support a claim for assault and battery. *See, e.g.*, *State v. McGowan*, 557 S.E.2d 657, 660 (S.C. 2001) ("'An unlawful arrest, or an attempt to make an unlawful arrest, stands upon the same footing as any other nonfelonious assault, or as a common assault and battery.'" (quoting *State v. Francis*,

7

149 S.E. 348, 356 (S.C. 1929))). Taking the facts in the light most favorable to Plaintiff, the Court holds that there is a genuine issue of material fact on the merits of these claims, and the Court will consequently overrule this objection.

Sixth, Defendants advocate that the Magistrate Judge should have declined to consider the factual record as recited in the South Carolina Supreme Court's opinion in *Hewins*, 760 S.E. 2d at 817-19, in addressing Defendants' motion for summary judgment. ECF No. 69 at 15-18. The *Hewins* court laid out the facts of Plaintiff's traffic stop and reversed Plaintiff's conviction on the grounds that the drug evidence against him ought to have been suppressed in that the officers discovered it during an unlawful search. 760 S.E.2d at 817-19, 826. On the contrary, as Plaintiff astutely points out, the Magistrate Judge properly considered *Hewins* when drafting the Report. ECF No. 72 at 8-9. Plaintiff specifically attached a copy of the *Hewins* opinion to his pro se Complaint, ECF No. 1-1, causing the opinion to become part of the Complaint pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, the Magistrate Judge and this Court may take judicial notice of criminal proceedings in related civil actions such as this one. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). Therefore, the Court will also overrule this objection, and Defendants' motion for summary judgment will be denied.

Finally, the Court will address Defendants' motion to amend their answer. Defendants first seek leave of the Court to amend their answer to assert the applicable statute of limitations found at S.C. Code Ann. §§ 15-78-110, 15-3-530, and 15-3-550 as an affirmative defense to Plaintiff's

claims. ECF No. 67, 68. Defendants also seek leave to amend their answer to assert as a defense the attorney's fees cap established by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(d). ECF No. 67, 68.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, the movants must provide some cogent bases that would make it proper for the Court to grant their requested relief. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Defendants have neglected to provide any reason for their failure to assert a statute of limitations defense either in their Answer, ECF No. 37, or in their Amended Answer, ECF No. 43.

Generally, failure to plead an affirmative defense results in the waiver of that defense. Fed. R. Civ. P. 8(c); 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1278 (3d ed.). A statute of limitations defense is one of the defenses specifically mentioned in Rule 8(c) as an affirmative defense that must be set out in responsive pleadings. Fed. R. Civ. P. 8(c). Therefore, the Court will deny Defendants' motion to amend their answer to add the statute of limitations as an affirmative defense because Defendants have waived this defense by failing to set it out in either of their earlier responsive pleadings and by neglecting to provide any reason for their failure to do so. *See Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983) (stating that failure to raise the statute of limitations as an affirmative defense in a responsive pleading waives the defense).

As to Defendants' motion to amend to assert the statutory cap on attorney's fees under the PLRA, the Court will dismiss this motion without prejudice with leave to refile, as the Court holds Defendants' request to be premature at this stage of the litigation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's and Defendants' objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that Plaintiff's motion for summary judgment and Defendants' motion for summary judgment are **DENIED**.  Furthermore, Defendants' motion to amend their answer to assert the statute of limitations as an affirmative defense is **DENIED** and Defendants' motion to amend to assert the statutory cap on attorney's fees under the PLRA is **DISMISSED WITHOUT PREJUDICE** with leave to refile.

Finally, on or preferably before Wednesday, August 2, 2016, counsel for the parties shall submit to the Court a joint proposed consent amended scheduling order.

**IT IS SO ORDERED**.

Signed this 28th day of July, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE